**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 26-563 _____     Caption [use short title]

Motion for: Motion for Leave to File Supplemental Submission

In re: DX, Petitioner

_____

_____

Set forth below precise, complete statement of relief sought:

An order granting Petitioner leave to file a supplemental

submission in further support of the pending Petition for

a Writ of Mandamus.

_____

_____

_____

_____

MOVING PARTY: DX _____     OPPOSING PARTY: United States of America _____

☐ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Pro Se _____     OPPOSING ATTORNEY: United States Attorney's Office, Southern District of New York

[name of attorney, with firm, address, phone number and e-mail]

| DX | Nathan Rehn, Assistant United States Attorney |
| Pro Se | 26 Federal Plaza, 37th Floor, New York, NY 10278 |
| Identity and contact information filed under seal | (212) 637-2354 |

Court- Judge/ Agency appealed from: United States District Court, Southern District of New York, Hon. Analisa Torres, U.S. District Judge

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes ☑ No
Has this relief been previously sought in this court?  ☐ Yes ☑ No

Requested return date and explanation of emergency: _____
This is not an emergency motion. No stay or injunctive relief is requested.

_____

_____

_____

Is the oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes ☑ No  If yes, enter date: _____

Signature of Moving Attorney:

_____DX_____  Date: April 9, 2026  Service: ☐ Electronic ☑ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Public Version

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1 (S.D.N.Y.))

---

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION

---

Petitioner DX, proceeding pro se, respectfully moves for leave to file a supplemental submission in further support of the pending Petition for a Writ of Mandamus.

1. On April 3, 2026, Petitioner submitted a document titled "Supplemental Memorandum in Further Support of Petition for Writ of Mandamus" intended to provide additional clarification regarding the procedural posture and scope of the relief sought.

2. The supplemental submission does not introduce new claims or expand the relief requested in the underlying petition. Rather, it addresses the procedural framework necessary to permit meaningful judicial review of the issues presented.

3. Specifically, the supplemental memorandum clarifies that the harm at issue is not limited to the absence of docketing alone, but concerns the absence of a judicial process capable of producing a reviewable determination.

1

Public Version

4. The submission addresses the relationship between docketing, adjudication, and the formation of a reliable record through adversarial process. These issues are directly relevant to the Court's consideration of whether mandamus relief is appropriate under the circumstances.

5. The supplemental memorandum is intended to assist the Court in understanding the structural nature of the procedural deficiencies presented, including the combined effect of non-docketing, non-adjudication, and the absence of adversarial record development.

6. Petitioner did not initially understand that a formal motion for leave was required in order to submit supplemental material of this nature. Upon receiving notice of the applicable procedural requirements, Petitioner promptly prepared the present motion.

7. Granting leave to file the supplemental submission will promote completeness of the record and assist the Court in resolving issues that bear directly on the availability of meaningful judicial review.

8. The requested relief is limited. Petitioner does not seek to expand the scope of the petition, but only to ensure that the Court has a complete and accurate understanding of the procedural context relevant to the issues presented.

WHEREFORE, Petitioner respectfully requests that the Court grant leave to file the supplemental submission attached hereto as Exhibit A.

Respectfully submitted,

_____

**DX**

Petitioner, Pro Se

Dated: April 9 , 2026

2

**Public Version**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1 (S.D.N.Y.))

---

## DECLARATION OF DX

---

I, DX, declare under penalty of perjury as follows:

1. I am the Petitioner in the above-captioned matter and submit this declaration in support of the accompanying Motion for Leave to File Supplemental Submission.

2. On April 3, 2026, I submitted a document titled "Supplemental Memorandum in Further Support of Petition for Writ of Mandamus" to this Court for filing.

3. The supplemental memorandum was prepared for the limited purpose of clarifying the procedural posture of the relief sought in the pending Petition for a Writ of Mandamus.

4. The supplemental submission does not introduce new claims or expand the relief requested. Rather, it is directed to clarifying the procedural framework within which the requested relief operates.

5. In particular, the supplemental memorandum addresses the relationship between docketing, adjudication, and the formation of a record capable of supporting meaningful judicial review.

**Public Version**

6. The submission explains that, under the circumstances presented, the absence of docketing is not an isolated procedural defect, but operates in conjunction with the absence of adjudication and the lack of adversarial record formation.

7. As a result, the procedural conditions described in the record do not merely delay judicial review, but may prevent the formation of any reviewable judicial determination.

8. The supplemental memorandum is intended to assist the Court in understanding that the issues presented implicate the availability of a functioning judicial process, rather than a discrete procedural irregularity.

9. I did not initially understand that a formal motion for leave was required to submit supplemental material of this nature. Upon receiving notice of the applicable procedural requirements, I promptly prepared the accompanying motion and this declaration.

10. The submission is made in good faith and for the limited purpose of ensuring that the Court has a complete and accurate understanding of the procedural context relevant to the petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April __9__, 2026

DX
Petitioner, Pro Se

2

# EXHIBIT A

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner.

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1 (S.D.N.Y.))

### SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Petitioner respectfully submits this Supplemental Memorandum in further support of the pending Petition for a Writ of Mandamus.

This submission does not expand the relief requested. Petitioner seeks only the initiation and operation of a judicial process capable of producing a reviewable determination. This memorandum clarifies that, under the circumstances presented, the deficiencies at issue are not limited to docketing alone, but reflect a broader structural breakdown affecting the availability of judicial review.

## I. THIS CASE PRESENTS A STRUCTURAL FAILURE OF JUDICIAL PROCESS

This case does not present an isolated docketing failure, but a systemic procedural breakdown in which access to the court, adjudication, and the formation of a reliable record have collectively been rendered inoperative. As a result, Petitioner has been deprived not only of the opportunity to be heard, but of any judicial process capable of producing a reviewable determination. In such circumstances, the absence of docketing, adjudication, and adversarial record formation does not merely delay judicial review—it forecloses it.

The Due Process Clause of the Fifth Amendment guarantees a meaningful opportunity to be heard through a process capable of producing a reviewable determination.

Where these elements are absent, the judicial process cannot function as constitutionally required. The denial of access to the court prevents the initiation of proceedings; the absence of adjudication precludes the issuance of a reviewable order; and the failure to develop a record through adversarial testing undermines the reliability of any determination that might be made. Taken together, these deficiencies do not constitute isolated procedural errors, but a structural failure of the judicial process itself.

Such a failure implicates not only the rights of the litigant, but the capacity of the courts to perform their constitutionally assigned role. Article III courts are charged with resolving disputes through the application of law to facts developed in an adversarial proceeding. Where no such process occurs, the adjudicative function is not exercised, and the

2

resulting absence of a reviewable determination precludes meaningful appellate review.

Accordingly, the issue presented is not whether a particular filing was mishandled, but whether a judicial process capable of producing a reviewable determination has been made available at all. Where it has not, the resulting deprivation is structural in nature and warrants intervention to restore the basic conditions necessary for the exercise of judicial authority.

## II. FAILURE TO DOCKET PREVENTS ACCESS TO JUDICIAL PROCESS

Federal Rule of Criminal Procedure 49(d) provides that the Clerk "must not refuse to accept for filing any paper presented."

Where filings are properly submitted but not docketed:

- no judicial proceeding is initiated;

- no record is created;

- no order may issue.

As reflected in the record, filings submitted by Petitioner were not entered on the docket, and no judicial action followed.

The absence of docketing therefore operates as a complete barrier to judicial process.

3

## III. FAILURE TO ADJUDICATE CONSTITUTES A CONSTRUCTIVE DENIAL OF RELIEF

Even where filings are docketed, the absence of adjudication produces the same practical result.

Where a court declines to address a properly submitted filing:

- no determination is made;

- no reviewable order exists;

- no appellate review may be sought.

Such inaction constitutes a constructive refusal to exercise jurisdiction, and therefore presents an independently reviewable basis for mandamus.

Petitioner does not seek to control the substance of any ruling, but respectfully submits that relief limited to docketing requires the restoration of access to a judicial process capable of producing a reviewable determination.

---

## IV. THE ABSENCE OF ADVERSARIAL RECORD FORMATION UNDERMINES THE RELIABILITY OF JUDICIAL REVIEW

The deficiencies presented here extend beyond docketing and adjudication. Judicial determinations must rest on a record developed through adversarial process. Where issues are not meaningfully presented or developed, the resulting record lacks the testing necessary to ensure reliability and cannot support meaningful judicial review.

4

Materials filed in the underlying proceedings, including submissions in the district court (*see, e.g., No. 1:23-cr-118-1, ECF No. 700-1 (S.D.N.Y.)*) and before this Court (*see, e.g., No. 25-2726, Dkt. 40.1 (2d Cir.)*), describe circumstances in which issues relating to the adequacy of representation—including matters characterized as ineffective assistance of counsel—were not meaningfully developed through adversarial presentation. In some instances, even basic factual and legal issues were not fully presented or examined.

This submission does not seek to adjudicate any claim of ineffective assistance, but identifies a structural limitation: where such issues are not subjected to adversarial development, the resulting record lacks the reliability necessary to support meaningful judicial review. In such circumstances, due process is not satisfied.

This limitation is further reflected in the incomplete development of critical factual sources. Where individuals with direct and central knowledge of material issues are not presented for examination—including, for example, circumstances in which a fiduciary or court-appointed actor with primary knowledge of underlying financial transactions is not subjected to adversarial examination—the resulting record is not the product of adversarially tested fact-finding, but of incomplete or untested submissions. *See, e.g., No. 1:23-cr-118-1, ECF No. 700-1 (S.D.N.Y.)*. Materials addressing the formation of the record (*see, e.g., No. 1:23-cr-118-1, ECF No. 733 (S.D.N.Y.)*) further reflect that certain issues were not fully developed within the judicial process.

The analysis does not depend on any particular characterization of those materials. Their relevance lies in demonstrating that the record was not consistently formed through adversarial testing. Where such gaps exist,

5

the Court is deprived of the foundation necessary to exercise its adjudicative authority, and the proceeding lacks the essential characteristics of Article III adjudication.

These deficiencies give rise to a further constitutional concern. Where claims are effectively diverted from judicial adjudication, or where the resolution of substantive issues occurs outside the adversarial framework required by Article III, the judicial function is not merely impaired—it is displaced.

The record further reflects circumstances in which the characterization of underlying conduct and rights has not been confined to a single, coherent adjudicative framework. In particular, the same underlying facts appear to have generated materially incompatible legal characterizations across different jurisdictions, without any procedural mechanism for examination or reconciliation within the judicial process. *See, e.g., No. 26-361 (2d Cir.)*. This submission does not seek to resolve or adopt any particular characterization. Rather, the relevance of this circumstance lies in illustrating that, where such inconsistencies exist without a mechanism for adversarial examination, the resulting adjudicative framework risks operating without the coherence necessary to support reliable judicial determination.

Where such conditions are present, the concern is not merely procedural irregularity, but the potential existence of parallel or functionally competing mechanisms for resolving matters committed to the judiciary. In such circumstances, the integrity of judicial review requires restoration of a process in which courts exercise their authority independently, on the basis of a properly developed adversarial record, and through the issuance of reviewable determinations.

## V. THE COMBINED EFFECT IS THE DENIAL OF MEANINGFUL JUDICIAL REVIEW

The procedural deficiencies identified here do not operate in isolation.

They form a single structural pattern:

- where filings are not docketed, access to the court is denied;

- where filings are docketed but not adjudicated, no reviewable order is produced;

- where the record is not formed through adversarial process, judicial determinations lack reliability.

Taken together, these conditions prevent the formation of a judicial process capable of producing meaningful appellate review.

This is not a matter of delay or inefficiency, but the absence of a functioning adjudicative framework.

## VI. MANDAMUS IS NECESSARY TO PRESERVE THE JUDICIAL FUNCTION

Under the All Writs Act, mandamus is appropriate where:

- no adequate alternative remedy exists;

- the right to relief is clear and indisputable;

7

- issuance of the writ is appropriate under the circumstances.

Those conditions are satisfied here.

Without docketing, adjudication, and a properly formed record, no avenue exists through which Petitioner may obtain judicial review.

Mandamus is therefore necessary to preserve the integrity of the judicial function.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant the Petition for a Writ of Mandamus and direct the district court to ensure that Petitioner's submissions are docketed and addressed in a manner capable of producing a reviewable determination.

Respectfully submitted,

DX

Petitioner, Pro Se

Dated: April 9, 2026

RECEIVED 2026 APR 13 PM 4:21 CLERK U.S. COURT OF APPEALS

**Public Version**

[Date: April 9, 2026]

Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

Re: In re DX, No. 26-563

## Cover Letter – Resubmission to Cure Deficiencies Identified in Dkt. Entries 16.1, 17.1, and 20.1

Dear Clerk of Court:

Petitioner DX, proceeding pro se, respectfully submits the enclosed materials in response to the Court's Notices of Defective Filing dated March 31, 2026 and April 8, 2026 (Dkt. Entries 16.1, 17.1, and 20.1).

This submission includes separate corrective filings corresponding to each docket entry identified above. Each set of materials is intended to cure the procedural deficiencies identified by the Court and to ensure compliance with the Federal Rules of Appellate Procedure and the Court's Local Rules.

---

### I. Acknowledgment and Notice of Appearance (Dkt. 16.1)

The Court identified deficiencies relating to proof of service for the previously submitted Acknowledgment and Notice of Appearance.

In response, Petitioner has:

• Properly served the Acknowledgment and Notice of Appearance on counsel for the United States; and
• Completed and attached a Certificate of Service reflecting such service in compliance with FRAP 25.

This corrected submission is enclosed for filing.

---

### II. Supplemental Submission (Dkt. 17.1)

1

Public Version

The Court noted that the supplemental materials submitted on March 30, 2026 were deficient due to:

• Missing Motion Information Statement (Form T-1080);
• Missing supporting declaration; and
• Defective or missing proof of service.

In response, Petitioner has prepared and enclosed a complete submission package consisting of:

• Completed Form T-1080;
• A proper Certificate of Service;
• A Motion for Leave to File Supplemental Submission relating to the March 30, 2026 filing;
• A supporting Declaration; and
• The underlying supplemental submission (attached as Exhibit A to the Motion relating to Dkt. Entry 17.1).

This submission is intended to comply fully with FRAP 27 and Local Rule 27.1.

---

## III. Supplemental Submission (Dkt. 20.1)

The Court identified substantially similar deficiencies with respect to the supplemental submission filed on April 3, 2026, including:

• Missing motion for leave;
• Missing supporting declaration;
• Missing Form T-1080; and
• Defective proof of service.

Petitioner has now cured these deficiencies by submitting:

• A completed Motion Information Statement (Form T-1080);
• A proper Certificate of Service;
• A Motion for Leave to File Supplemental Submission relating to the April 3, 2026 filing;
• A supporting Declaration; and
• The supplemental memorandum (attached as Exhibit A to the Motion relating to Dkt. Entry 20.1).

2

Public Version

## IV. Nature of This Resubmission

This filing does not seek to expand the scope of the underlying Petition for a Writ of Mandamus. Rather, it is limited to:

• Curing procedural defects identified by the Court;
• Ensuring proper service and documentation; and
• Providing the Court with a complete and compliant record for consideration.

Petitioner respectfully submits that the enclosed materials address all deficiencies identified in the Court's notices and requests that the corrected filings be accepted as timely.

## V. Request

Petitioner respectfully requests that the Clerk:

1. Accept the enclosed corrected submissions for filing;

2. Docket the materials as curing Dkt. Entries 16.1, 17.1, and 20.1; and

3. Permit the filings to be considered in connection with the pending petition.

Thank you for your attention to this matter.

Respectfully submitted,

DX
Petitioner, Pro Se

Dated: April 9, 2026

Petitioner notes that the **external mailing label** (including any **waybill**) affixed to the submission package **may contain personally identifying information**.

3

**Public Version**

Petitioner is **proceeding under a pseudonym**, and this statement is provided to avoid any inadvertent inclusion of such external materials in the publicly accessible docket record, including through scanning or imaging of the submission package.

To the extent practicable, such **external mailing materials are not intended to form part of the docketed record**.

Petitioner does not seek to seal this submission or otherwise request any action by the Court.

# CORRECTED FILING

# Dkt. Entry 20.1

# Motion for Leave to File Supplemental Submission

# (and supporting materials)

RECEIVED

2026 APR 13 PM 4: 21

CLERK OFFICE
U.S. COURT OF APPEALS

**Public Version**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1, (S.D.N.Y.))

## Certificate of Service

I, **DX**, hereby certify under penalty of perjury that on April _9_, 2026, I served a true and correct copy of the following documents:

(1) Motion for Leave to File Supplemental Submission;
(2) Declaration of DX in Support of Motion;
(3) Motion Information Statement (Form T-1080); and
(4) Exhibit A – Supplemental Memorandum in Further Support of Petition for Writ of Mandamus (submitted on April 3, 2026),

on the following:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

**Ryan B. Finkel**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Service was made by certified mail.

I declare under penalty of perjury that the foregoing is true and correct.

1

**Public Version**

Executed on April 9, 2026

_Dx_

DX

Petitioner, Pro Se