# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 26-563 _____

Caption [use short title]

Motion for: Motion for Leave to File Supplemental Submission

In re: DX, Petitioner

Set forth below precise, complete statement of relief sought:

An order granting Petitioner leave to file a supplemental

submission in further support of the pending Petition for

a Writ of Mandamus.

_____

_____

_____

MOVING PARTY: DX _____    OPPOSING PARTY: United States of America _____

- ☐ Plaintiff   ☐ Defendant
- ■ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Pro Se _____    OPPOSING ATTORNEY: United States Attorney's Office, Southern District of New York

[name of attorney, with firm, address, phone number and e-mail]

| DX | Nathan Rehn, Assistant United States Attorney |
| Pro Se | 26 Federal Plaza, 37th Floor, New York, NY 10278 |
| Identity and contact information filed under seal | (212) 637-2354 |

Court- Judge/ Agency appealed from: United States District Court, Southern District of New York, Hon. Analisa Torres, U.S. District Judge

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ■ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ■ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ■ No

Has this relief been previously sought in this court?  ☐ Yes  ■ No

Requested return date and explanation of emergency: _____
This is not an emergency motion. No stay or injunctive relief is requested.

Is the oral argument on motion requested?  ☐ Yes  ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ■ No  If yes, enter date: _____

Signature of Moving Attorney:

_____ DX _____ Date: April 9, 2026  Service: ☐ Electronic  ■ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Public Version

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1, (S.D.N.Y.))

## Certificate of Service

I, **DX**, hereby certify under penalty of perjury that on April 9, 2026, I served a true and correct copy of the following documents:

(1) Motion for Leave to File Supplemental Submission;
(2) Declaration of DX in Support of Motion;
(3) Motion Information Statement (Form T-1080); and
(4) Exhibit A – Letter in Further Support of Petition for Writ of Mandamus (previously submitted on March 30, 2026),

on the following:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

**Ryan B. Finkel**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Service was made by certified mail.

I declare under penalty of perjury that the foregoing is true and correct.

1

**Public Version**

Executed on April 9, 2026

DX
Petitioner, Pro Se

**Public Version**

**Public Version**

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1 (S.D.N.Y.))

---

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION

---

Petitioner DX, proceeding pro se, respectfully moves for leave to file a supplemental submission in further support of the pending Petition for a Writ of Mandamus.

1. Petitioner previously submitted a letter dated March 30, 2026, intended to clarify the procedural posture of the relief requested and to assist the Court in its consideration of the pending petition.

2. That submission addresses issues directly related to the scope of the relief sought, including the procedural framework necessary to permit meaningful judicial review.

3. Because the submission was not accompanied by a formal motion for leave, Petitioner now respectfully seeks permission to have that submission accepted and considered as part of the record.

4. The requested relief is limited. Petitioner does not seek to expand the issues presented, but only to ensure that the Court has a complete and accurate record of the procedural context relevant to the petition.

**Public Version**

5. Granting this motion will promote clarity of the record and assist the Court in resolving issues that are capable of repetition yet may otherwise evade review.

WHEREFORE, Petitioner respectfully requests that the Court grant leave to file the supplemental submission attached hereto as Exhibit A.

Respectfully submitted,

*DX*
_____

**DX**

Petitioner, Pro Se

Dated: April 9, 2026

2

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1 (S.D.N.Y.))

---

**DECLARATION OF DX**

---

I, DX, declare under penalty of perjury as follows:

1. I am the Petitioner in the above-captioned matter and submit this declaration in support of the accompanying Motion for Leave to File Supplemental Submission.

2. On March 30, 2026, I submitted a letter to this Court intended to provide additional clarification regarding the procedural posture of the relief sought in the pending Petition for a Writ of Mandamus.

3. The supplemental submission does not introduce new claims or expand the scope of the petition. Rather, it is directed to clarifying the procedural framework within which the requested relief operates.

4. Specifically, the submission addresses the relationship between docketing and the availability of a reviewable judicial determination. The relief requested in the petition is limited to the ministerial act of docketing. However, absent such docketing, no judicial proceeding may be initiated, no record may be formed, and no reviewable order may issue.

5. The supplemental submission is intended to assist the Court in understanding that the harm presented is not limited to delay, but concerns the absence of a procedural mechanism capable of producing a reviewable determination.

6. I respectfully submit that this clarification may assist the Court in evaluating the necessity and appropriateness of mandamus relief under the circumstances presented.

7. I did not initially understand that a formal motion for leave was required in order to submit supplemental material of this nature. Upon receiving notice of the procedural requirement, I promptly prepared the accompanying motion.

8. The submission is made in good faith and for the limited purpose of ensuring that the Court has a complete and accurate understanding of the procedural context relevant to the petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2026



DX

Petitioner, Pro Se

# EXHIBIT A

Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

## Re: In re: DX, No. 26-563

## Letter in Further Support of Petition for Writ of Mandamus

Dear Clerk of Court:

Petitioner respectfully submits this letter in further support of the pending Petition for a Writ of Mandamus, and solely to **clarify the procedural posture of the relief requested**.

Petitioner respectfully requests that **this letter be entered on the docket** as a supplemental submission in support of the pending petition, and **made part of the official record**.

This submission is made in light of the Court's order directing that multiple mandamus petitions arising from the same underlying proceedings be considered in tandem. In this consolidated posture, the issue presented is not case-specific, but concerns a recurring and systemic procedural question affecting multiple pro se litigants: whether properly submitted filings may be withheld from the docket, thereby precluding judicial review.

Petitioner's request remains narrowly framed. Petitioner does **not** seek adjudication of the merits of the underlying filings, and does **not** request substantive relief beyond the ministerial act of docketing. However, the act of docketing serves a constitutional and procedural function: it is the gateway to judicial review. Without docketing, no reviewable order may issue, and the ability to obtain appellate review is effectively foreclosed.

Although Petitioner's requested relief is limited, it arises from the same operative facts and procedural framework as the other consolidated petitions. The Court's resolution of this matter will therefore necessarily establish a governing principle applicable across the consolidated cases, making consistent treatment essential to preserve uniformity and procedural fairness.

Petitioner respectfully emphasizes that **docketing, while necessary, is not by itself sufficient to restore meaningful access to judicial review**.

The filings sought to be docketed include submissions invoking Rule 60(d)(3), which require adjudication by the district court to produce a reviewable determination. Where filings are docketed but not addressed, the practical result is indistinguishable from non-docketing: the absence of any appealable order.

Accordingly, the procedural harm presented here is not limited to docketing alone, but concerns the broader deprivation of a reviewable judicial process. In such circumstances, the issues presented are capable of repetition yet evading review, particularly where similarly situated litigants are subject to the same procedural treatment.

In this consolidated context, Petitioner respectfully submits that the Court's resolution may appropriately take into account not only the ministerial duty to docket, but also the necessity of ensuring that such docketing results in a process capable of meaningful judicial review.

Petitioner does not seek to expand the scope of relief requested, but respectfully submits that clarification of the procedural framework governing these filings is necessary to ensure that similarly situated litigants are not left without any effective avenue for judicial review, and to preserve the availability of appellate review.

Respectfully submitted,

_____DX_____

DX
Petitioner, Pro Se

Dated: ___April 9, 2026___

[Petitioner respectfully requests that, to the extent practicable, any **external mailing label** affixed to the submission package **not be included in the publicly accessible docket materials**, as such label may contain personally identifying information. Petitioner is proceeding under a pseudonym, and this request is made solely to avoid inadvertent disclosure of identifying details. Petitioner does **not** seek to seal this submission.]

U.S. COURT OF APPEALS
2026 APR 13 PM 4: 20
RECEIVED

# CORRECTED FILING

## Dkt. Entry 17.1

## Motion for Leave to File Supplemental Submission

## (and supporting materials)

**Public Version**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1, (S.D.N.Y.))

## Certificate of Service

I, **DX**, hereby certify under penalty of perjury that on April _9_, 2026, I served a true and correct copy of the following documents:

(1) Motion for Leave to File Supplemental Submission;
(2) Declaration of DX in Support of Motion;
(3) Motion Information Statement (Form T-1080); and
(4) Exhibit A – Supplemental Memorandum in Further Support of Petition for Writ of Mandamus (submitted on April 3, 2026),

on the following:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

**Ryan B. Finkel**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Service was made by certified mail.

I declare under penalty of perjury that the foregoing is true and correct.

1

**Public Version**

Executed on April 9, 2026

_____

DX

Petitioner, Pro Se