# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner.

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1 (S.D.N.Y.))

## SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Petitioner respectfully submits this Supplemental Memorandum in further support of the pending Petition for a Writ of Mandamus.

This submission does not expand the relief requested. Petitioner seeks only the initiation and operation of a judicial process capable of producing a reviewable determination. This memorandum clarifies that, under the circumstances presented, the deficiencies at issue are not limited to docketing alone, but reflect a broader structural breakdown affecting the availability of judicial review.

## I. THIS CASE PRESENTS A STRUCTURAL FAILURE OF JUDICIAL PROCESS

This case does not present an isolated docketing failure, but a systemic procedural breakdown in which access to the court, adjudication, and the

1

formation of a reliable record have collectively been rendered inoperative. As a result, Petitioner has been deprived not only of the opportunity to be heard, but of any judicial process capable of producing a reviewable determination. In such circumstances, the absence of docketing, adjudication, and adversarial record formation does not merely delay judicial review—it forecloses it.

The Due Process Clause of the Fifth Amendment guarantees a meaningful opportunity to be heard through a process capable of producing a reviewable determination.

Where these elements are absent, the judicial process cannot function as constitutionally required. The denial of access to the court prevents the initiation of proceedings; the absence of adjudication precludes the issuance of a reviewable order; and the failure to develop a record through adversarial testing undermines the reliability of any determination that might be made. Taken together, these deficiencies do not constitute isolated procedural errors, but a structural failure of the judicial process itself.

Such a failure implicates not only the rights of the litigant, but the capacity of the courts to perform their constitutionally assigned role. Article III courts are charged with resolving disputes through the application of law to facts developed in an adversarial proceeding. Where no such process occurs, the adjudicative function is not exercised, and the resulting absence of a reviewable determination precludes meaningful appellate review.

Accordingly, the issue presented is not whether a particular filing was mishandled, but whether a judicial process capable of producing a

reviewable determination has been made available at all. Where it has not, the resulting deprivation is structural in nature and warrants intervention to restore the basic conditions necessary for the exercise of judicial authority.

## II. FAILURE TO DOCKET PREVENTS ACCESS TO JUDICIAL PROCESS

Federal Rule of Criminal Procedure 49(d) provides that the Clerk "must not refuse to accept for filing any paper presented."

Where filings are properly submitted but not docketed:

- no judicial proceeding is initiated;

- no record is created;

- no order may issue.

As reflected in the record, filings submitted by Petitioner were not entered on the docket, and no judicial action followed.

The absence of docketing therefore operates as a complete barrier to judicial process.

## III. FAILURE TO ADJUDICATE CONSTITUTES A CONSTRUCTIVE DENIAL OF RELIEF

Even where filings are docketed, the absence of adjudication produces the same practical result.

Where a court declines to address a properly submitted filing:

- no determination is made;

- no reviewable order exists;

- no appellate review may be sought.

Such inaction constitutes a constructive refusal to exercise jurisdiction, and therefore presents an independently reviewable basis for mandamus.

Petitioner does not seek to control the substance of any ruling, but respectfully submits that relief limited to docketing requires the restoration of access to a judicial process capable of producing a reviewable determination.

---

## IV. THE ABSENCE OF ADVERSARIAL RECORD FORMATION UNDERMINES THE RELIABILITY OF JUDICIAL REVIEW

The deficiencies presented here extend beyond docketing and adjudication. Judicial determinations must rest on a record developed through adversarial process. Where issues are not meaningfully presented or developed, the resulting record lacks the testing necessary to ensure reliability and cannot support meaningful judicial review.

Materials filed in the underlying proceedings, including submissions in the district court (*see, e.g., No. 1:23-cr-118-1, ECF No. 700-1 (S.D.N.Y.)*) and before this Court (*see, e.g., No. 25-2726, Dkt. 40.1 (2d Cir.)*), describe circumstances in which issues relating to the adequacy of representation—including matters characterized as ineffective assistance

4

of counsel—were not meaningfully developed through adversarial presentation. In some instances, even basic factual and legal issues were not fully presented or examined.

This submission does not seek to adjudicate any claim of ineffective assistance, but identifies a structural limitation: where such issues are not subjected to adversarial development, the resulting record lacks the reliability necessary to support meaningful judicial review. In such circumstances, due process is not satisfied.

This limitation is further reflected in the incomplete development of critical factual sources. Where individuals with direct and central knowledge of material issues are not presented for examination—including, for example, circumstances in which a fiduciary or court-appointed actor with primary knowledge of underlying financial transactions is not subjected to adversarial examination—the resulting record is not the product of adversarially tested fact-finding, but of incomplete or untested submissions. *See, e.g., No. 1:23-cr-118-1, ECF No. 700-1 (S.D.N.Y.)*. Materials addressing the formation of the record (*see, e.g., No. 1:23-cr-118-1, ECF No. 733 (S.D.N.Y.)*) further reflect that certain issues were not fully developed within the judicial process.

The analysis does not depend on any particular characterization of those materials. Their relevance lies in demonstrating that the record was not consistently formed through adversarial testing. Where such gaps exist, the Court is deprived of the foundation necessary to exercise its adjudicative authority, and the proceeding lacks the essential characteristics of Article III adjudication.

These deficiencies give rise to a further constitutional concern. Where claims are effectively diverted from judicial adjudication, or where the resolution of substantive issues occurs outside the adversarial framework required by Article III, the judicial function is not merely impaired—it is displaced.

The record further reflects circumstances in which the characterization of underlying conduct and rights has not been confined to a single, coherent adjudicative framework. In particular, the same underlying facts appear to have generated materially incompatible legal characterizations across different jurisdictions, without any procedural mechanism for examination or reconciliation within the judicial process. *See, e.g., No. 26-361 (2d Cir.)*. This submission does not seek to resolve or adopt any particular characterization. Rather, the relevance of this circumstance lies in illustrating that, where such inconsistencies exist without a mechanism for adversarial examination, the resulting adjudicative framework risks operating without the coherence necessary to support reliable judicial determination.

Where such conditions are present, the concern is not merely procedural irregularity, but the potential existence of parallel or functionally competing mechanisms for resolving matters committed to the judiciary. In such circumstances, the integrity of judicial review requires restoration of a process in which courts exercise their authority independently, on the basis of a properly developed adversarial record, and through the issuance of reviewable determinations.

## V. THE COMBINED EFFECT IS THE DENIAL OF MEANINGFUL JUDICIAL REVIEW

The procedural deficiencies identified here do not operate in isolation.

They form a single structural pattern:

- where filings are not docketed, access to the court is denied;

- where filings are docketed but not adjudicated, no reviewable order is produced;

- where the record is not formed through adversarial process, judicial determinations lack reliability.

Taken together, these conditions prevent the formation of a judicial process capable of producing meaningful appellate review.

This is not a matter of delay or inefficiency, but the absence of a functioning adjudicative framework.

## VI. MANDAMUS IS NECESSARY TO PRESERVE THE JUDICIAL FUNCTION

Under the All Writs Act, mandamus is appropriate where:

- no adequate alternative remedy exists;

- the right to relief is clear and indisputable;

- issuance of the writ is appropriate under the circumstances.

7

Those conditions are satisfied here.

Without docketing, adjudication, and a properly formed record, no avenue exists through which Petitioner may obtain judicial review.

Mandamus is therefore necessary to preserve the integrity of the judicial function.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant the Petition for a Writ of Mandamus and direct the district court to ensure that Petitioner's submissions are docketed and addressed in a manner capable of producing a reviewable determination.

Respectfully submitted,

*Px*

DX

Petitioner, Pro Se

Dated: *March 30, 2026*

8

Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

## Re: In re DX, No. 26-563

Dear Clerk of Court,

Petitioner respectfully submits the enclosed Supplemental Memorandum in Further Support of the Petition for a Writ of Mandamus.

Petitioner respectfully requests that this **submission be docketed** as a supplemental filing in support of the pending petition.

A copy of this submission has been served on counsel for Respondent.

Respectfully submitted,

_DX_

**DX**
Petitioner, Pro Se

Dated: March 30, 2026

[Petitioner respectfully requests that, to the extent practicable, any **external mailing label** affixed to the submission package **not be included in the publicly accessible docket materials,** as such label may contain personally identifying information. Petitioner is proceeding under a pseudonym, and this request is made solely to avoid inadvertent disclosure of identifying details. Petitioner does **not** seek to seal this submission.]

Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

## Re: In re: DX, No. 26-563

## Letter in Further Support of Petition for Writ of Mandamus

Dear Clerk of Court:

Petitioner respectfully submits this letter in further support of the pending Petition for a Writ of Mandamus, and solely to **clarify the procedural posture of the relief requested**.

Petitioner respectfully requests that **this letter be entered on the docket** as a supplemental submission in support of the pending petition, and **made part of the official record**.

This submission is made in light of the Court's order directing that multiple mandamus petitions arising from the same underlying proceedings be considered in tandem. In this consolidated posture, the issue presented is not case-specific, but concerns a recurring and systemic procedural question affecting multiple pro se litigants: whether properly submitted filings may be withheld from the docket, thereby precluding judicial review.

Petitioner's request remains narrowly framed. Petitioner does **not** seek adjudication of the merits of the underlying filings, and does **not** request substantive relief beyond the ministerial act of docketing. However, the act of docketing serves a constitutional and procedural function: it is the gateway to judicial review. Without docketing, no reviewable order may issue, and the ability to obtain appellate review is effectively foreclosed.

Although Petitioner's requested relief is limited, it arises from the same operative facts and procedural framework as the other consolidated petitions. The Court's resolution of this matter will therefore necessarily establish a governing principle applicable across the consolidated cases, making consistent treatment essential to preserve uniformity and procedural fairness.

Petitioner respectfully emphasizes that **docketing, while necessary, is not by itself sufficient to restore meaningful access to judicial review.**

The filings sought to be docketed include submissions invoking Rule 60(d)(3), which require adjudication by the district court to produce a reviewable determination. Where filings are docketed but not addressed, the practical result is indistinguishable from non-docketing: the absence of any appealable order.

Accordingly, the procedural harm presented here is not limited to docketing alone, but concerns the broader deprivation of a reviewable judicial process. In such circumstances, the issues presented are capable of repetition yet evading review, particularly where similarly situated litigants are subject to the same procedural treatment.

In this consolidated context, Petitioner respectfully submits that the Court's resolution may appropriately take into account not only the ministerial duty to docket, but also the necessity of ensuring that such docketing results in a process capable of meaningful judicial review.

Petitioner does not seek to expand the scope of relief requested, but respectfully submits that clarification of the procedural framework governing these filings is necessary to ensure that similarly situated litigants are not left without any effective avenue for judicial review, and to preserve the availability of appellate review.

Respectfully submitted,

_____
DX
Petitioner, Pro Se

Dated: _March 27, 2026_

[Petitioner respectfully requests that, to the extent practicable, any **external mailing label** affixed to the submission package **not be included in the publicly accessible docket materials,** as such label may contain personally identifying information. Petitioner is proceeding under a pseudonym, and this request is made solely to avoid inadvertent disclosure of identifying details. Petitioner does **not** seek to seal this submission.]

Case: 26-563, 04/03/2026, DktEntry: 33.1, Page 12 of 13

Clerk of Court

United States Court of Appeals for the Second Circuit

40 Foley Square

New York, NY 10007

Re: In re: DX, No. 26-563

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118-1, (S.D.N.Y.))

## Certificate of Service

I, **DX**, hereby certify under penalty of perjury that on March 30, 2026, I served a true and correct copy of the foregoing Supplemental Memorandum in Further Support of Petition for Writ of Mandamus on the following:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office for the Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

**Ryan B. Finkel**
Assistant United States Attorney
United States Attorney's Office, Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Service was made by tracked mail.

Respectfully submitted,

_____

**DX**

Petitioner, Pro Se

Dated: March 30, 2026