**PUBLIC VERSION**

---------------------------------------------------------------------------------

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)

(S.D.N.Y.))

---------------------------------------------------------------------------------

# NOTICE REGARDING UNRESOLVED RULE 17(c) SUBPOENA PROCESS AND SENTENCING-STAGE RECORD COMPLETENESS

---------------------------------------------------------------------------------

Petitioner respectfully submits this notice for the limited purpose of preserving the procedural history surrounding an unresolved Rule 17(c) subpoena process that remained ongoing during the sentencing phase of United States v. Ho Wan Kwok, No. 23-cr-118 (AT) (S.D.N.Y.).

This notice is not submitted to litigate the merits of any sentencing issue, factual assertion, mitigation theory, or evidentiary dispute. Nor does Petitioner request immediate relief from this Court at this time. Rather, this submission is intended solely to identify a procedural circumstance that may bear upon the completeness and continuity of the sentencing-stage record for purposes of future appellate review.

---------------------------------------------------------------------------------

## I. Background of the Rule 17(c) Proceedings

Beginning no later than approximately May 2025, defense counsel for Mr. Kwok reportedly attempted to obtain documents from an individual identified by the defense as Mr. Kwok's former attorney. According to

**PUBLIC VERSION**

defense counsel's later Rule 17(c) submissions, those requests were repeatedly refused over a period of approximately six months.

Public materials later referenced in the subpoena litigation reportedly included prior video statements in which both Mr. Kwok and the subpoena target publicly identified the individual as Mr. Kwok's attorney and public contact person in the event of emergency circumstances.

On November 12, 2025, defense counsel submitted an ex parte and sealed application for issuance of a Rule 17(c) subpoena seeking documents related to the former attorney's prior representation of Mr. Kwok. See ECF No. 815. The subpoena request sought records that defense counsel asserted were relevant to sentencing mitigation and to Mr. Kwok's "history and characteristics" under 18 U.S.C. § 3553(a). The application further asserted that the requested materials could corroborate matters relevant to sentencing preparation and mitigation presentation.

The proposed subpoena initially sought a broad category of materials, including communications, work product, correspondence, calendar entries, and other records relating to the former representation.

On January 13, 2026, the District Court issued an ex parte order requiring supplemental justification regarding:
(1) relevance to sentencing;
(2) why counsel could not prepare without the material; and
(3) specificity of the requested materials.

On January 27, 2026, defense counsel submitted a supplemental ex parte filing. See ECF No. 816. In that submission, counsel represented that recently reviewed discovery materials further supported the subpoena request and asserted that the requested materials were "essential" to sentencing preparation and mitigation presentation.

**PUBLIC VERSION**

The supplemental submission also connected the subpoena request to alleged historical contacts involving the FBI and members of the U.S. intelligence community. See ECF No. 814 at 1–2.

------------------------------------------------------------------------

## II. Government Opposition and District Court Rulings

On February 27, 2026, the Government formally objected to continuation of the subpoena process ex parte and argued that the subpoena request constituted an improper "fishing expedition," sought "voluminous records," and would further delay sentencing proceedings. See ECF No. 808; ECF No. 819.

On March 10, 2026, the District Court ruled that the subpoena process should no longer proceed ex parte and ordered disclosure of the prior ex parte filings to the Government. See ECF No. 814. The Court specifically noted that the subpoena request implicated alleged contacts with the FBI and intelligence-community personnel and determined that the Government should have an opportunity to respond.

On March 17, 2026, the Government moved to quash the subpoena in full, arguing that the request failed the Nixon standard and sought irrelevant or cumulative material. See ECF No. 819.

On March 23, 2026, the District Court denied the Government's motion to quash and granted the Rule 17(c) application in narrowed form. See ECF No. 823. The Court held, among other things, that:

(1) the requested materials were relevant to sentencing mitigation and § 3553(a) considerations;
(2) defense counsel had shown that the requested materials were not otherwise procurable;

**PUBLIC VERSION**

(3) the materials "may be crucial" to mitigation arguments;

(4) the subpoena request, as narrowed, was not merely a "fishing expedition."

The District Court also ordered that the subpoena be served immediately, established a March 30, 2026 return date, and authorized supplemental sentencing submissions following production.

-------------------------------------------------------------------------------

### III. Subsequent Compliance Dispute

On April 2, 2026, defense counsel informed the District Court that:

(1) the subpoena had been served;

(2) only "a small number of responsive documents" had been produced; and

(3) counsel did "not consider the limited production to constitute full compliance with the subpoena." See ECF No. 829.

Defense counsel therefore requested an order compelling further compliance with the subpoena and sought additional time to supplement sentencing materials. Id.

**As reflected in the presently available docket materials, the following matters do not appear to have been conclusively resolved prior to sentencing:**

(1) whether full subpoena compliance ultimately occurred;

(2) whether the defense ever obtained the complete set of subpoenaed materials;

(3) whether the subpoena litigation fully concluded before sentencing;

(4) whether additional responsive materials remained outstanding;

(5) or whether any resulting supplemental mitigation presentation was

PUBLIC VERSION

fully integrated into the sentencing record before final sentencing proceedings occurred.

------------------------------------------------------------------------

## IV. Limited Purpose of This Notice

Petitioner does not ask this Court to determine:

(1) the truth or falsity of any mitigation theory;

(2) the merits of any sentencing argument;

(3) the validity of any alleged FBI or intelligence-related contact;

(4) or whether any party acted improperly during the subpoena process.

The sole purpose of this notice is to preserve for the appellate record that:

(1) a sentencing-stage Rule 17(c) subpoena process was litigated extensively;

(2) the District Court ultimately authorized the subpoena after applying the Nixon framework;

(3) the subpoena process continued into the immediate pre-sentencing period; and

(4) the publicly available record presently reflects unresolved questions regarding the extent of compliance and completion of that process before sentencing proceedings are completed.

Petitioner respectfully submits that this procedural history may bear on future review concerning the completeness and continuity of the sentencing-stage record.

------------------------------------------------------------------------

Respectfully submitted,

DX  *DX*

Petitioner, Pro Se

Dated: May 25, 2026

---

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)

(S.D.N.Y.))

---

# CERTIFICATE OF SERVICE

---

I, DX, hereby certify under penalty of perjury that on May 25, 2026, I served a true and correct copy of the following documents by registered mail, postage prepaid, with tracking:

(1) Notice Regarding Unresolved Rule 17(c) Subpoena Process and Sentencing-Stage Record Completeness; and
(2) Certificate of Service.

The foregoing documents were served upon:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

Executed on May 25, 2026

_____DX_____

DX

Petitioner, Pro Se