**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 26-563

Caption [use short title]

Motion for: Emergency Motion to Determine a Threshold Procedural Question Before Merits Review

In re: DX, Petitioner

Set forth below precise, complete statement of relief sought:

Petitioner respectfully requests that the Court determine, before appellate merits review of the District Court's Final Judgment, whether the appellate record presently before the Court is procedurally reviewable. If not, Petitioner requests such procedural relief as the Court deems appropriate.

MOVING PARTY: DX                                    OPPOSING PARTY: United States of America

☐ Plaintiff            ☐ Defendant

■ Appellant/Petitioner  ☐ Appellee/Respondent

MOVING ATTORNEY: Pro Se          OPPOSING ATTORNEY: United States Attorney's Office, Southern District of New York

[name of attorney, with firm, address, phone number and e-mail]

| DX | Nathan Rehn, Assistant United States Attorney |
| Pro Se | 26 Federal Plaza, 37th Floor, New York, NY 10278 |
| Identity and contact information filed under seal | (212) 637-2354 |

Court- Judge/ Agency appealed from: United States District Court, Southern District of New York, Hon. Analisa Torres, U.S. District Judge

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ■ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ■ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ■ No
Has this relief been previously sought in this court?  ☐ Yes  ■ No

Requested return date and explanation of emergency: _____
The District Court has entered its Final Judgment (Dkt. No. 860), and Defendant has announced an appeal. Because the Motion presents a threshold procedural question that must be resolved before appellate merits review begins, Petitioner respectfully requests expedited docketing and consideration.

Is the oral argument on motion requested?  ☐ Yes  ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ■ No If yes, enter date:_____

Signature of Moving Attorney:

_____DX_____ Date: July 3, 2026      Service : ☐ Electronic  ■ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**PUBLIC VERSION**

---------------------------------------------------------------------------------

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT) (S.D.N.Y.))

---------------------------------------------------------------------------------

# Emergency Motion to Determine a Threshold Procedural Question Before Merits Review

---------------------------------------------------------------------------------

The District Court has now entered its Final Judgment (No. 23-CR-118 (AT), Dkt. No. 860 (S.D.N.Y.)) following imposition of sentence, and Defendant has announced his intention to appeal. The District Court's Final Judgment expressly incorporates the previously entered forfeiture orders, thereby directly implicating Petitioner's asserted property interests under 21 U.S.C. § 853(n). The procedural posture anticipated in Petitioner's previously submitted Notices and related Emergency Motion has now matured. The threshold procedural question presented herein is therefore **ripe** for determination before this Court undertakes appellate merits review of the District Court's Final Judgment.

For clarity, references herein to the **unresolved** First Department **appeal** refer to the previously perfected appeal (Case No. 2021-00740) that advanced through full merits briefing **concerning**, among other issues, **whether the state court properly invoked judicial estoppel to preclude Defendant from challenging the authenticity of signatures on the operative transaction documents and thereafter granted**

PUBLIC VERSION

**summary judgment on that basi**s. **Those issues were never adjudicated. After the appeal was interrupted by operation of the automatic bankruptcy stay, however, those state-court findings and judgment at issue continued to be relied upon, incorporated, and adopted throughout subsequent judicial proceedings.**

Petitioner submits this motion solely in Petitioner's independent capacity as an ancillary petitioner under 21 U.S.C. § 853(n), whose asserted property interests are directly affected by the criminal forfeiture proceedings. This motion is submitted solely to protect Petitioner's own independent interests and not to assert any right belonging to Defendant.

I. ILLUSTRATION OF CROSS-PROCEEDING RECORD FORMATION ..................................................................................3

II. INTRODUCTION ..................................................................3

III. PETITIONER'S INDEPENDENT INTEREST ..............................5

IV. THRESHOLD PROCEDURAL QUESTION ..................................7

V. THE PROCEDURAL HISTORY ..................................................8

VI. THE STRUCTURAL DEFECT ..................................................10

VII. WHY THE STRUCTURAL DEFECT MATTERS .....................11

VIII. JUDICIAL AUTHORITY TO RESTORE MEANINGFUL APPELLATE REVIEW ..................................................................13

IX. WHY VACATUR IS AN APPROPRIATE REMEDY ................14

X. RELIEF REQUESTED ............................................................15

XI. CONCLUSION ......................................................................15

PUBLIC VERSION

# I. ILLUSTRATION OF CROSS-PROCEEDING RECORD FORMATION

State Court Judgment (NYSCEF No. 716)



↓

First Department Appeal (**never completed**)

↓

State Court Findings (NYSCEF Nos. 716 & 1181)

—— progressively incorporated into ——————▶

District Court adjudicative record

————————— supports —————————▶

District Court's Final Judgment

————————— becomes part of —————————▶

Appellate record presently before the Second Circuit

————————— reviewed by —————————▶

Second Circuit (appellate review)

# II. INTRODUCTION

This motion does not seek reconsideration of any prior state-court judgment, criminal conviction, sentencing determination, or individual judicial finding. Nor does it request resolution of any authenticity-related dispute, factual controversy, or substantive legal issue arising from the underlying proceedings.

Rather, following entry of the District Court's Final Judgment and Defendant's announced appeal, Petitioner respectfully requests that the

**PUBLIC VERSION**

Court determine a single threshold procedural question that has now become **ripe** for appellate consideration.

Petitioner's interest in this motion is direct rather than generalized. Petitioner alleges ownership interests in property presently subject to the ancillary forfeiture process under 21 U.S.C. § 853(n). Because those proceedings necessarily derive from, and now directly depend upon, the District Court's Final Judgment and the adjudicative record supporting that judgment, the sentence imposed and the impending appellate proceedings now directly affect Petitioner's independent property interests.

**The question presented is whether the District Court's Final Judgment may properly rest upon an adjudicative record whose foundational judicial determinations never completed the ordinary appellate review process before becoming progressively incorporated into successive judicial determinations across multiple proceedings, thereby forming the adjudicative record upon which the District Court's Final Judgment rests and which is now incorporated into the appellate record presently before this Court for review.** (See Part I, Illustration of Cross-Proceeding Record Formation)

As reflected in Petitioner's previously submitted NOTICE REGARDING UNRESOLVED APPELLATE REVIEW AND CROSS-PROCEEDING RECORD CONTINUITY (No. 26-563, Dkt. No. 44.1, 2d Cir.), NOTICE REGARDING PROGRESSIVE INCORPORATION, ADOPTION, REAFFIRMATION, AND REUTILIZATION OF PRIOR JUDICIAL FINDINGS (No. 26-563, Dkt. No. 45.1 at 10-25, 2d Cir.), and EMERGENCY MOTION FOR TEMPORARY ADMINISTRATIVE STAY TO PRESERVE APPELLATE REVIEW AND RECORD INTEGRITY (No. 26-563, Dkt. No. 45.1 at 2-7, 2d Cir.), Petitioner

PUBLIC VERSION

consistently identified the procedural concerns that have now matured into the threshold question presented herein. Those submissions progressively refined broader structural concerns first identified in Petitioner's earlier SUPPLEMENTAL MEMORANDUM (No. 26-563, Dkt. No. **25.1**, 2d Cir.), **which this Court granted leave to file and considered**. (No. 26-563, Dkt. No. 36.1 at 2, 2d Cir.)

The issue presented is institutional rather than adversarial. It concerns not the correctness of any particular adjudication, but whether the adjudicative record upon which the District Court's Final Judgment rests became capable of meaningful appellate review before serving as the foundation for successive judicial determinations.

Petitioner therefore respectfully requests that the Court determine this threshold procedural question before undertaking merits review of the District Court's Final Judgment.

**If the Court proceeds to merits review without first determining that threshold procedural question, it necessarily determines—either expressly or implicitly—that the District Court's Final Judgment may properly rest upon an adjudicative record whose foundational judicial determinations never completed ordinary appellate review before becoming progressively incorporated into successive proceedings.**

## III. PETITIONER'S INDEPENDENT INTEREST

Petitioner appears solely in Petitioner's independent capacity as a third-party petitioner pursuant to 21 U.S.C. § 853(n) and does not seek to assert any right belonging to Defendant.

Petitioner timely transmitted an initial petition under 21 U.S.C. § 853(n), received by the United States District Court for the Southern District of

PUBLIC VERSION

New York on October 17, 2025, followed by a revised and supplemental petition received on April 24, 2026. Petitioner's identity was separately disclosed to the District Court under seal. Petitioner asserts independent property interests allegedly incorporated into business entities and property later subjected to restraint, forfeiture proceedings, or other judicial actions associated with this criminal case.

The District Court has now entered its Final Judgment (No. 23-CR-118 (AT), Dkt. No. 860 (S.D.N.Y.)), which expressly incorporates the previously entered preliminary, supplemental, and related forfeiture orders. Petitioner's asserted property interests are therefore no longer prospectively affected, but are now directly implicated by the District Court's Final Judgment, which expressly incorporates the forfeiture orders upon which Petitioner's pending ancillary proceeding depends.

Accordingly, Petitioner's interest in this motion is direct rather than generalized. Resolution of Petitioner's pending § 853(n) petition necessarily depends upon the procedural integrity of the criminal forfeiture process and the adjudicative record supporting the District Court's Final Judgment. The sentence imposed and the impending appellate proceedings therefore directly affect Petitioner's independent property interests.

Petitioner does not seek reconsideration of Defendant's conviction, sentence, or any substantive determination in the underlying criminal proceedings, nor adjudication of the merits of Petitioner's pending ancillary petition. Instead, Petitioner respectfully requests that the Court determine that, because the ancillary proceedings necessarily derive from and depend upon the District Court's Final Judgment and the adjudicative record supporting that judgment, Petitioner possesses a direct and

PUBLIC VERSION

independent interest in ensuring that appellate review proceeds upon a procedurally reviewable record capable of meaningful appellate review.

The procedural question presented herein therefore directly affects Petitioner's own legal interests and is properly presented in Petitioner's independent capacity as an ancillary petitioner under 21 U.S.C. § 853(n).

## IV. THRESHOLD PROCEDURAL QUESTION

The question presented is not whether any prior tribunal correctly resolved any factual dispute, legal issue, or evidentiary controversy, nor whether any prior judgment, conviction, or sentence should ultimately be affirmed, modified, or disturbed.

Rather, **the threshold procedural question is whether the District Court's Final Judgment presently subject to appellate review may properly rest upon an adjudicative record whose foundational judicial determinations never completed the ordinary appellate review process before becoming progressively incorporated into successive judicial determinations and ultimately integrated into the appellate record presented for review.**

That question arises because **the publicly available procedural history reflects that appellate review of the foundational state-court judgment advanced through full merits briefing before being interrupted by operation of the automatic bankruptcy stay. During the ensuing proceedings, findings reflected in that judgment nevertheless continued to be incorporated, adopted, reaffirmed, and reutilized across successive proceedings, ultimately becoming part of the adjudicative record later supporting the District Court's Final Judgment.**

**PUBLIC VERSION**

Accordingly, Petitioner respectfully requests that the Court determine, before undertaking merits review, whether meaningful appellate review may proceed upon an appellate record incorporating an adjudicative record that progressively emerged from foundational judicial determinations whose ordinary appellate review never reached completion before becoming integrated into successive proceedings.

Because that question concerns the institutional function of appellate review itself, it necessarily precedes review of the merits and directly affects both appellate review of the criminal judgment and the ancillary proceedings through which Petitioner's asserted property interests will ultimately be adjudicated.

## V. THE PROCEDURAL HISTORY

The procedural history relevant to the present motion is not disputed. The issue presented concerns the procedural sequence reflected in the publicly available record and the manner in which that sequence ultimately produced the adjudicative record upon which the District Court's Final Judgment rests.

The underlying litigation concerning the operative transaction documents proceeded in the Supreme Court of the State of New York, New York County, resulting in entry of judgment on February 3, 2021. That judgment was appealed to the Appellate Division, First Department (Case No. 2021-00740), **where the appeal progressed through full merits briefing on**, among other issues, **whether the state court properly invoked judicial estoppel to preclude Defendant from challenging the authenticity of signatures on the operative transaction documents and thereafter granted summary judgment on that basis**. Before those issues were adjudicated, however, the appeal was interrupted by

**PUBLIC VERSION**

operation of the automatic bankruptcy stay following commencement of Chapter 11 proceedings.

Although appellate review remained unresolved, the underlying judgment continued to function throughout subsequent proceedings. As previously identified in Petitioner's Notice (Dkt. No. 44.1), the judgment continued to appear in bankruptcy proceedings, trustee-administered proceedings, criminal proceedings, detention litigation, sentencing proceedings, and related litigation across multiple jurisdictions.

Following entry of the February 3, 2021 judgment, post-judgment enforcement proceedings also continued in the New York Supreme Court, resulting in the February 9, 2022 Decision and Order and related enforcement rulings (NYSCEF Nos. 1181–1183). As previously identified in Petitioner's Notice (Dkt. No. 45.1 at 10-25), findings reflected in those proceedings were progressively incorporated, adopted, reaffirmed, and reutilized throughout later federal proceedings.

The present motion does not ask this Court to determine the correctness of any ruling entered during those proceedings. Rather, the foregoing chronology identifies the procedural sequence through which the adjudicative record upon which the District Court's Final Judgment rests progressively emerged before later becoming incorporated into the appellate record presently before this Court. The structural question presented below is whether that adjudicative record became procedurally reviewable before serving as the foundation for successive judicial determinations and, ultimately, for the appellate record presently before this Court.

PUBLIC VERSION

## VI. THE STRUCTURAL DEFECT

The structural concern presented by this motion does not arise from any individual judicial determination viewed in isolation, nor merely because appellate review of an earlier proceeding was interrupted. Rather, it arises from the interaction between the interruption of ordinary appellate review and the continued incorporation of the resulting judicial determinations into successive proceedings.

As reflected in the procedural history summarized above and Petitioner's previously submitted filings (Dkt. Nos. 44.1, 45.1 at 10-25, and 45.1 at 2-7), the publicly available record appears to reflect that appellate review of foundational judicial determinations was interrupted before completion, while the resulting judgment and related findings nevertheless continued to be progressively incorporated, adopted, reaffirmed, and reutilized throughout later proceedings, ultimately becoming part of the adjudicative record upon which the District Court's Final Judgment rests.

The present motion does not suggest that later tribunals were prohibited from referring to earlier proceedings, nor that previously decided issues should have been relitigated. Rather, Petitioner respectfully requests that the Court determine whether the adjudicative record upon which the District Court's Final Judgment rests became capable of meaningful appellate review before functioning as the procedural foundation for successive judicial determinations.

That question concerns the structural integrity of the appellate record rather than the correctness of any individual adjudication. If the adjudicative record upon which the District Court's Final Judgment rests progressively emerged through successive incorporation of foundational judicial determinations whose ordinary appellate review never reached

**PUBLIC VERSION**

completion before becoming integrated into later proceedings, the resulting question is no longer confined to the original litigation. It instead concerns whether the appellate record itself became reviewable as an integrated whole before serving as the foundation for appellate review.

The structural defect identified by Petitioner therefore concerns not the correctness of any individual adjudication, but the procedural formation of the appellate record upon which appellate review itself must now proceed.

## VII. WHY THE STRUCTURAL DEFECT MATTERS

The structural concern identified above is not merely an abstract procedural observation. It directly affects both Petitioner's independent property interests and this Court's appellate-review function because the ancillary forfeiture proceedings necessarily depend upon the District Court's Final Judgment and the adjudicative record upon which that judgment rests.

**The appellate record presently before the Court necessarily incorporates the adjudicative record upon which the District Court's Final Judgment rests, and the procedural integrity of the former therefore depends upon the procedural formation of the latter.** Meaningful appellate review presupposes the existence of a procedurally reviewable appellate record. Accordingly, the question presented is not whether any individual judicial determination was correct, but whether the adjudicative record upon which the District Court's Final Judgment rests became capable of meaningful appellate review before serving as the procedural foundation for successive judicial determinations.

That distinction changes the object of appellate review. Ordinarily, appellate review examines judicial determinations reflected in a

**PUBLIC VERSION**

procedurally complete adjudicative record. Here, however, the concern is whether the appellate record presently before the Court incorporates an adjudicative record that progressively emerged while the foundational appellate process remained unresolved. The threshold procedural question therefore precedes ordinary merits review.

The issue presented is institutional rather than adversarial. It neither presumes that any earlier determination was erroneous nor requests reconsideration of matters previously litigated elsewhere. Instead, it concerns whether the appellate record itself became reviewable as an integrated whole before appellate review proceeds.

As reflected in Petitioner's previously submitted Notices (Dkt. Nos. 44.1 and 45.1 at 10-25) and related Emergency Motion (Dkt. No. 45.1 at 2-7), the procedural concerns previously identified have now matured into the threshold procedural question presented herein. Those submissions progressively refined broader structural concerns first identified in Petitioner's earlier Supplemental Memorandum (Dkt. No. 25.1), previously granted and considered by this Court.

Accordingly, Petitioner respectfully requests that the Court determine the threshold procedural question before undertaking merits review. Otherwise, by proceeding directly to merits review, the Court necessarily determines—either expressly or implicitly—that the appellate record presently before the Court satisfies the procedural conditions required for meaningful appellate review.

**PUBLIC VERSION**

## VIII. JUDICIAL AUTHORITY TO RESTORE MEANINGFUL APPELLATE REVIEW

Petitioner respectfully requests that the Court determine that the threshold procedural question identified herein falls within this Court's institutional responsibility to ensure the integrity of its appellate-review function.

The issue presented does not concern supervision of any other tribunal, nor reconsideration of matters committed elsewhere. Rather, it concerns the procedural conditions under which this Court itself is asked to conduct appellate review.

As reflected in Petitioner's previously submitted Notices (Dkt. Nos. 44.1 and 45.1 at 10-25) and related Emergency Motion (Dkt. No. 45.1 at 2-7), the procedural concerns previously identified have now matured into the appellate record presently before the Court.

Accordingly, the Court possesses inherent authority to determine, as a threshold procedural matter, whether the appellate record presently before the Court satisfies the conditions necessary for meaningful appellate review before undertaking merits review. Exercising that authority neither prejudges the merits of any underlying dispute nor requires immediate resolution of substantive issues pending elsewhere. It simply ensures that appellate review proceeds upon a procedurally reviewable record.

Accordingly, Petitioner respectfully requests that the Court determine the threshold procedural question before undertaking appellate merits review of the District Court's Final Judgment.

**PUBLIC VERSION**

## IX. WHY VACATUR IS AN APPROPRIATE REMEDY

Petitioner respectfully requests that the Court determine the appropriate relief in light of the threshold procedural question presented herein.

Petitioner does not seek vacatur because any individual judicial determination has been shown to be factually incorrect, legally erroneous, or otherwise invalid. Nor does this motion request resolution of any authenticity-related dispute, judicial-estoppel ruling, liability determination, damages issue, or other substantive controversy previously presented in the underlying proceedings.

Rather, the requested relief follows solely from the procedural posture now before the Court. If the Court determines that the adjudicative record upon which the District Court's Final Judgment rests became procedurally reviewable before serving as the foundation for successive judicial determinations, no further relief is warranted.

If, however, the Court determines that the procedural conditions necessary for meaningful appellate review have not been satisfied, meaningful appellate review cannot be restored merely by reconsidering isolated determinations. Instead, restoration of the procedural posture necessary for appellate review of the appellate record incorporating that adjudicative record becomes required.

Under those circumstances, vacatur—or such other procedural relief as the Court deems appropriate—constitutes an appropriate procedural mechanism for restoring the conditions necessary for meaningful appellate review. Vacatur is therefore sought not as an adjudication upon the merits, but solely as a procedural remedy directed toward preservation of the integrity and reviewability of the appellate record.

**PUBLIC VERSION**

Accordingly, Petitioner respectfully requests vacatur only to the extent necessary to restore the procedural conditions required for meaningful appellate review, or such other procedural relief as the Court deems appropriate. The present motion does not request that this Court predetermine the merits of any underlying proceeding or substantive controversy.

## X. RELIEF REQUESTED

For the reasons set forth above, and solely to protect Petitioner's independent interests under 21 U.S.C. § 853(n), Petitioner respectfully requests that the Court expressly determine the threshold procedural question presented herein before undertaking appellate merits review of the District Court's Final Judgment.

If the Court determines that meaningful appellate review may properly proceed upon the present appellate record, Petitioner requests no further relief.

If, however, the Court determines that the adjudicative record upon which the District Court's Final Judgment rests did not become procedurally reviewable before serving as the foundation for successive judicial determinations, Petitioner respectfully requests such procedural relief as the Court deems appropriate to restore the conditions necessary for meaningful appellate review, including, if warranted, vacatur of the District Court's Final Judgment.

## XI. CONCLUSION

The threshold procedural question presented herein is antecedent to merits review itself. By proceeding to merits review without first determining that question, the Court necessarily determines—either

**PUBLIC VERSION**

expressly or implicitly—that the appellate record presently before the Court satisfies the procedural conditions required for meaningful appellate review.

Accordingly, because that question directly affects both this Court's appellate-review function and Petitioner's independent interests under 21 U.S.C. § 853(n), Petitioner respectfully requests that the Court determine the threshold procedural question before undertaking appellate merits review of the District Court's Final Judgment.


Respectfully submitted,

DX

Petitioner, Pro Se

Dated: July 3, 2026

---------------------------------------------------------------------------------

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)

(S.D.N.Y.))

---------------------------------------------------------------------------------

# CERTIFICATE OF SERVICE

---------------------------------------------------------------------------------

I, DX, hereby certify under penalty of perjury that on July 3, 2026, I

served true and correct copies of the following documents:

(1) Motion Information Statement (Form T-1080);

(2) Emergency Motion to Determine a Threshold Procedural Question

Before Merits Review;

(3) Certificate of Service.

Service was made upon the following counsel by electronic mail and by

registered mail, postage prepaid, with tracking:

**Nathan Rehn**

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

Email: nathan.rehn@usdoj.gov

Executed on July 3, 2026.

DX

Petitioner, Pro Se

Page **1** of **1**