**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-563

**Caption** [use short title]

**Motion for:** Reconsideration of this Court's Order of July 7, 2026 (docket entry 47), filed per the Notice of Defective Filing (docket entry 48) to cure and resubmit the motion at docket entry 46

In re: DX, Petitioner

Set forth below precise, complete statement of relief sought:

Reconsideration of the Order of July 7, 2026 (docket entry 47), limited to determining the threshold question presented at docket entry 46: whether the adjudicative record supporting the District Court's Final Judgment is procedurally reviewable. Filed to cure docket entry 46 pursuant to the Notice at docket entry 48.

**MOVING PARTY:** DX  **OPPOSING PARTY:** United States of America

☐ Plaintiff   ☐ Defendant

■ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Pro Se  **OPPOSING ATTORNEY:** United States Attorney's Office, Southern District of New York

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| DX | Nathan Rehn, Assistant United States Attorney |
| Pro Se | 26 Federal Plaza, 37th Floor, New York, NY 10278 |
| Identity and contact information filed under seal | (212) 637-2354 |

Court- Judge/ Agency appealed from: United States District Court, Southern District of New York, Hon. Analisa Torres, U.S. District Judge

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ■ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ■ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes   ■ No
Has this relief been previously sought in this court?   ■ Yes   ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?   ☐ Yes   ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ■ No If yes, enter date:_____

**Signature of Moving Attorney:**

_____   **Date:** July 20, 2026   Service : ☐ Electronic   ■ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

PUBLIC VERSION

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

In re: DX, Petitioner

No. 26-563

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT) (S.D.N.Y.))

-------------------------------------------------------------------------------------------

**MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF JULY 7, 2026 (DOCKET ENTRY 47),**

**FILED PURSUANT TO THE NOTICE OF DEFECTIVE FILING (DOCKET ENTRY 48)**

**TO CURE AND RESUBMIT THE MOTION AT DOCKET ENTRY 46**

**(EMERGENCY MOTION TO DETERMINE A THRESHOLD PROCEDURAL QUESTION**

**BEFORE MERITS REVIEW)**

-------------------------------------------------------------------------------------------

Table of Related Proceedings and Recurring References....................................2

I. Introduction And Relief Sought .......................................................................3

II. Why Reconsideration Of Docket Entry 47 Is The Proper Vehicle .................4

III. Why This Motion Is Not A Repetition Of A Question Already Decided ......5

IV. Why The Question Presented Is Not Moot......................................................6

V. The Federal Question Presented .....................................................................7

VI. The Record Basis for The Question .............................................................8

VII. Relief Requested..........................................................................................11

VIII. Petitioner's Separate § 853(n) Mandamus Rights Are Reserved, Not Waived, And Are Not Being Pursued in This Filing.......................................12

IX. Conclusion ...................................................................................................13

PUBLIC VERSION

# Table of Related Proceedings and Recurring References

*Provided solely as a reading aid; it maps the citation forms and recurring determinations used in this motion, and follows the table in Petitioner's Third Notice (Docket Entry 49).*

## A. Proceedings

| Forum | Case / Index No. | Cited herein as |
|---|---|---|
| U.S. Court of Appeals, Second Circuit (this Court) | *In re: DX*, No. 26-563 | "Docket Entry [no.]" (following the Clerk's docket text) |
| U.S. Court of Appeals, Second Circuit (the defendant's direct appeal) | *United States v. Guo*, No. 26-1853 | "No. 26-1853 (2d Cir.)" |
| U.S. District Court, S.D.N.Y. (criminal) | *United States v. Guo* (Ho Wan Kwok, a/k/a Miles Guo), No. 23-cr-118 (AT) | "Dkt. No. [no.]" |
| U.S. Bankruptcy Court, D. Conn. (main case) | *In re Ho Wan Kwok*, No. 22-50073 (JAM) | "ECF No. [no.]" |
| — adversary proceeding (the Lady May) | Adv. Pro. No. 22-05003 | "Adv. No. 22-05003, ECF No. [no.]" |
| N.Y. Supreme Court, N.Y. County (trial) | *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan*, Index No. 652077/2017 | "NYSCEF No. [no.] (Sup. Ct.)" |
| N.Y. Appellate Division, First Department (appeals) | Case Nos. 2021-00740; 2021-01010; 2022-00609; 2022-00610 | "Case No. [____], NYSCEF No. [no.] (1st Dep't)" |

## B. Recurring Determinations

| Determination | State-court origin | Appeal | Amount |
|---|---|---|---|
| Liability SJ (Sept. 15, 2020) | NYSCEF No. 549 (Sup. Ct.) | within Case No. 2021-00740 | authenticity estoppel (described as "roughly $114 million" at trial) |
| PAX Judgment (Feb. 3, 2021) | NYSCEF No. 716 (Sup. Ct.) | Case No. 2021-00740 (**frozen**) | $116,402,019.57 |
| Conditional Contempt Order (Mar. 16, 2021) | NYSCEF No. 728 (Sup. Ct.) | Case No. 2021-01010 (**affirmed** Nov. 4, 2021) | $500,000/day |
| Final Contempt Decision (Feb. 9, 2022) | NYSCEF Nos. 1181–1183 (Sup. Ct.) | Case Nos. 2022-00609 / 2022-00610 (**frozen**) | $134,000,000.00 |

*Downstream adoptions:* the **Lady May SJ** (Adv. No. 22-05003, ECF No. 177); and **Government Exhibit 1413** (the Final Contempt Decision, read to the jury at Dkt. No. 437).

PUBLIC VERSION

# I. Introduction And Relief Sought

Petitioner respectfully moves for reconsideration of this Court's Order of July 7, 2026 (denying the motions for a stay of the sentencing proceeding, including Petitioner's emergency motion for a temporary administrative stay filed at Docket Entry 45, at 2–7), and submits this motion to cure the defect identified in this Court's Notice of Defective Filing (Docket Entry 48) as to the motion filed at Docket Entry 46.

Petitioner's Docket Entry 46 filing — an emergency motion asking the Court to determine, before undertaking merits review of the District Court's Final Judgment, whether the appellate record presently before this Court is procedurally reviewable — was returned for using an incorrect filing event, not for any defect in its substance. This Court's Notice identified two correct vehicles for the relief Petitioner seeks: a motion for reconsideration of the panel's order, or a renewed petition for a writ of mandamus. Petitioner cures the defect at Docket Entry 46 through this motion. Petitioner is not, at this time, renewing the mandamus petition under this Court's Order of May 15, 2026 (Docket Entry 36) as to the docketing and consideration of Petitioner's third-party petition under 21 U.S.C. § 853(n); as explained in Part VIII below, that renewal is not yet ripe, and Petitioner defers it without waiver of any right to seek it later.

Petitioner respectfully requests that the Court determine, before appellate merits review of the District Court's Final Judgment — including the forfeiture orders it incorporates — proceeds further, whether the adjudicative record supporting that judgment — a record that Petitioner's Notices have identified as resting, in identified respects, on state-court determinations whose appellate review was foreclosed by operation of the federal automatic stay — is procedurally reviewable. If the Court determines that it is not, Petitioner requests such relief as the Court deems appropriate to restore the conditions necessary for

**PUBLIC VERSION**

meaningful appellate review. If the Court declines to resolve the question at this time, Petitioner requests that the Court expressly hold the question open, rather than allow its disposition of this motion to be read, by implication, as having resolved it.

## II. Why Reconsideration Of Docket Entry 47 Is The Proper Vehicle

This Court's Order at Docket Entry 47 denied, without stated reasons, motions by several petitioners — including Petitioner — for a stay of sentencing in the underlying criminal case. Docket Entry 46, submitted on July 3, 2026 — four days before that Order issued — asked a materially different and antecedent question: not whether sentencing should be delayed, but whether the appellate record supporting the District Court's Final Judgment (entered after sentencing, and expressly incorporating the forfeiture orders) is capable of meaningful appellate review at all. That question was never reached: the day after the Order issued, Docket Entry 46 was returned for a filing-category defect, without any examination of its substance. (Docket Entry 48.)

Reconsideration of the Order at Docket Entry 47 is the appropriate vehicle for that question, for three reasons. First, the stay motion that Order denied (Docket Entry 45, at 2–7) rested on the same underlying concern — preservation of this Court's ability to conduct meaningful appellate review — so that Order is the panel order most closely connected, in time and in subject, to the question presented here. Second, reconsideration is warranted where the Court has not had occasion to pass upon a material question, or where developments postdating the order bear directly upon it; both are true here: the question presented at Docket Entry 46 was entered on the docket on July 7, 2026 — the same day the Order at Docket Entry 47 issued — and was never examined, and both the docketing of the defendant's direct appeal (July 9, 2026) and Petitioner's Third Notice identifying the record points described in Part VI

**PUBLIC VERSION**

postdate that Order. Third, this Court's own Notice at Docket Entry 48 identifies a motion for reconsideration of the panel's order as a correct vehicle for the relief Petitioner seeks, and provides that a compliant resubmission made by July 29, 2026 "will be deemed timely filed." This motion is submitted within that period and in express reliance on that provision. Petitioner does not ask the Court to revisit the denial of a stay of sentencing — that relief is moot, sentencing having concluded — but to determine the antecedent and continuing question that Docket Entry 46 presented and that the Order at Docket Entry 47 did not address.

## III. Why This Motion Is Not A Repetition Of A Question Already Decided

Petitioner respectfully submits that no court has ever adjudicated, on the merits, whether the appellate record now before this Court is procedurally reviewable in the respects identified in Petitioner's Notices. Three considerations support that conclusion.

**First**, Petitioner's two prior Notices (Docket Entry 44, and the notice portion of Docket Entry 45, at 10–25) each expressly stated that "no substantive relief is requested." Those Notices placed the underlying record observations before the Court for informational and preservation purposes only; they did not ask the Court to rule on reviewability, and the Court had no occasion to do so in receiving them.

**Second**, Docket Entry 47 denied a stay of sentencing without stated reasons. A discretionary denial of a stay pending sentencing does not require, and on the present record does not appear to reflect, any determination of the distinct question whether the adjudicative record supporting the subsequently entered Final Judgment is procedurally reviewable. Petitioner is aware of no basis in the

**PUBLIC VERSION**

Order itself, or in the record as it stood on July 7, 2026, to conclude that the Court considered — let alone resolved — that question.

**Third**, Docket Entry 46 was the only filing in which Petitioner asked the Court to resolve the reviewability question as a matter requiring relief, and it was returned on a filing-category ground before the Court reached its substance.

Accordingly, what Petitioner asks the Court to determine here has not previously been presented to it as a live question for decision, still less decided. Petitioner has further submitted, on July 19, 2026, a Third Notice, entered on the docket on July 20, 2026 (Docket Entry 49), identifying record specifics — described in Part VI below — that supplement and sharpen, with citations not previously before this Court, the general observations contained in the two prior Notices.

## IV. Why The Question Presented Is Not Moot

The question presented does not depend on staying or reinstating any proceeding that has already concluded. Sentencing occurred, and the District Court entered its Final Judgment on July 2, 2026. (United States v. Guo, No. 23-cr-118 (AT), Dkt. No. 860 (S.D.N.Y.).) That Final Judgment expressly incorporates the previously entered forfeiture orders, and it is now the subject of at least two live matters whose scope directly depends on the reviewability of the record supporting it:

(1) The defendant's direct criminal appeal, United States v. Guo, No. 26-1853 (2d Cir.), docketed in this Court on July 9, 2026, in which the Final Judgment — including the incorporated forfeiture orders — will be subject to merits review; and

(2) Petitioner's own asserted interest in an ancillary proceeding under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), which necessarily derives from, and depends upon, the same Final Judgment and

**PUBLIC VERSION**

the adjudicative record supporting it. That ancillary proceeding has not yet been docketed by the District Court; the District Court itself has stated that it will provide "further guidance" on ancillary proceedings under 21 U.S.C. § 853(n) "in due course" (Dkt. No. 855), has confirmed in its preliminary order of forfeiture that third parties' claims to the identified property "shall be assessed through ancillary proceedings" under § 853(n) and Rule 32.2 (Dkt. No. 858, at 9), and no final order of forfeiture disposing of third-party interests has yet issued. Petitioner's interest in that proceeding — and in the reviewability of the record it will draw upon — is accordingly live regardless of the present procedural posture of Petitioner's separate mandamus rights under this Court's Order of May 15, 2026 (Docket Entry 36), discussed in Part VIII below.

The question whether that adjudicative record is procedurally reviewable therefore remains live and consequential: it bears directly on the scope and integrity of appellate review still to come, and on the ancillary proceeding Petitioner seeks to initiate. Petitioner does not ask this Court to revisit the sentencing date or any aspect of the sentencing proceeding itself; the relief requested is addressed entirely to the record now carried forward into review that has not yet occurred.

## V. The Federal Question Presented

Petitioner respectfully identifies, by name, the federal constitutional question underlying this motion and Petitioner's prior Notices:

**Whether a criminal judgment may stand where it rests, in identified respects, on state-court determinations whose appellate review was foreclosed by operation of the federal automatic stay (11 U.S.C. § 362), and which were then accorded cross-forum preclusive effect and recited to the trial jury — such that no court, state or federal, ever reviewed those**

PUBLIC VERSION

**determinations on the merits — consistent with the Due Process Clause and the guarantee of meaningful appellate review.**

Petitioner presents this question in these narrow terms deliberately. Petitioner does not contend that any state-court determination was wrongly decided, and does not ask this Court, or any court, to review the correctness of any such determination. The concern is structural: certain determinations were never reviewed by any tribunal, at any stage, because the only avenue for such review was frozen by the operation of federal law, and, at the trial stage, that fact was not accurately carried forward: the only appellate history recited to the jury described a different, completed appeal. That structural concern is at its sharpest here because, as Petitioner's Third Notice documents, among the matters no tribunal ever reviewed is the foundational premise of the state-court judgment itself: the authenticity of the operative transaction documents was resolved by judicial estoppel rather than by any merits determination, and the frozen appeal was the only remaining avenue by which that premise could have been examined. (Docket Entry 49, Part IV.)

## VI. The Record Basis for The Question

Petitioner incorporates by reference the structural account previously presented in Docket Entries 44, 45 (at 10–25), and 46 (Parts IV–IX), which trace the incorporation of the February 3, 2021 judgment and the February 9, 2022 final contempt decision (Index No. 652077/2017, NYSCEF Nos. 716, 1181–1183, N.Y. Sup. Ct.) across the bankruptcy, detention, and sentencing proceedings, following the freezing of appellate review of both determinations by operation of the automatic stay, 11 U.S.C. § 362(a).

Petitioner further identifies three record points, developed at greater length in Petitioner's Third Notice, submitted July 19, 2026, and entered on the docket on

**PUBLIC VERSION**

July 20, 2026 (Docket Entry 49), that have not previously been presented to this Court:

**A. A federal court expressly gave the unreviewed determination preclusive effect, notwithstanding the frozen appeal.** In the vessel adversary proceeding, the bankruptcy court granted partial summary judgment on the sole basis of collateral estoppel and held that "[t]he Final Contempt Decision may be accorded preclusive effect even though the time to appeal it was stayed by the filing of the Individual Debtor's Chapter 11 petition." (Adv. Pro. No. 22-05003, ECF No. 177 at 25; see id. at 30–31.) The reasoning that "an appeal could have been taken" (id. at 30) addresses the abstract availability of an appeal, whereas the appeal from that decision had in fact been filed, had had its stay application denied by the state appellate court, and had been frozen by operation of § 362(a) within days. (See Docket Entry 49, Part V.B.) Nor was the freeze thereafter lifted so that review could occur: the record does not reflect that any party sought relief from the automatic stay to permit either frozen appeal to proceed, even as the underlying finding continued to be asserted as "preclusive in effect." (See Docket Entry 49, Part V.E.)

**B. The unreviewed determination reached the trial jury by two channels, under a materially mismatched description of its appellate status.** It reached the jury directly, as Government Exhibit 1413, read into the record together with the direction that the defendant "tender immediate payment to PAX in the amount of $134 million" (Trial Tr., Dkt. No. 437, at 167–170), and indirectly, through a government witness's testimony that "[t]he judge made a finding that . . . the Lady May was property of Mr. Kwok's bankruptcy estate" (Dkt. No. 439, at 92) — a finding entered in the same adversary proceeding described in Part VI.A of this motion, resting solely on collateral estoppel from the frozen state-court determination. The only reference to appellate history that Petitioner has identified in that trial testimony — that "the Appellate Division's First

**PUBLIC VERSION**

Department affirmed" (Dkt. No. 437, at 168) — described a different, completed appeal (the earlier conditional civil contempt order, Case No. 2021-01010), not the frozen appeal from the final contempt decision then before the jury (Case No. 2022-00609). (See Docket Entry 49, Parts VI.A–C.)

**C. What the frozen appeal would have tested was the foundation of the judgment itself, not a collateral detail.** As developed in Petitioner's Third Notice (Docket Entry 49, Part IV), the February 3, 2021 judgment rested on a determination that the defendant was judicially estopped from challenging the authenticity of the operative transaction documents — documents "accepted as authentic for the purpose of evaluating" the summary-judgment motion, without any merits authenticity determination. (Index No. 652077/2017, NYSCEF No. 549 at 2–5, N.Y. Sup. Ct.; see NYSCEF No. 404.) That estoppel ruling was among the subjects of the frozen appeal (Case No. 2021-00740, NYSCEF No. 12). The same authenticity contention reappeared in the bankruptcy forum — where the defendant asserted, in writing and at hearing, that the operative personal guarantee was a forgery (Case No. 22-50073, ECF No. 83 at ¶ 12; see also ECF No. 111 at 17) — and was again not reached on the merits, the court observing that the underlying determination was "still on appeal at the moment." (Case No. 22-50073, ECF No. 111 (Mar. 1, 2022 Hr'g Tr.) at 28–29.) Petitioner takes no position on the authenticity of any document. The point is narrower and structural: on the presently available record, the foundational premise of the judgment was precluded rather than adjudicated in the state court, identified as still pending on appeal in the bankruptcy court, and never determined on the merits in any forum — and the appeal that would have examined it is the appeal that was frozen. The freeze therefore did not merely postpone review of subsidiary findings; it foreclosed the only remaining examination of the premise on which the judgment — and the determinations built upon it — rest.

**PUBLIC VERSION**

In candor to the Court, Petitioner notes that the district court admitted the underlying determinations following a contested evidentiary ruling, reasoning that court rulings may be admitted "for the fact that they were rendered," accompanied by a limiting instruction. (Dkt. No. 311 at 5.) That feature of the record, identified in Petitioner's Third Notice (Docket Entry 49, Part VI.D), does not alter the structural point presented here: whatever purpose the admission served, no appellate court had reviewed — or has since reviewed — the determinations themselves, and the only appellate history recited to the jury described a different, completed appeal.

Petitioner takes no position on the correctness of any ruling described above, and does not ask this Court to disturb any of them. Petitioner identifies these points solely to demonstrate that the structural concern underlying this motion is concrete, record-based, and has not previously been placed before this Court as a question requiring decision.

## VII. Relief Requested

For the reasons stated above, Petitioner respectfully requests that the Court:

(1) Grant reconsideration of its Order of July 7, 2026 (Docket Entry 47) to the limited extent of determining the threshold procedural question presented at Docket Entry 46 and in this motion: whether the adjudicative record supporting the District Court's Final Judgment is procedurally reviewable, given that identified state-court determinations incorporated into that record were never reviewed on the merits by any tribunal;

(2) If the Court determines that the record is not procedurally reviewable in the respects identified, grant such relief as the Court deems appropriate to restore the conditions necessary for meaningful appellate review; and

(3) If the Court declines to resolve the question at this time, expressly state that its disposition does not resolve, and does not foreclose further

**PUBLIC VERSION**

consideration of, the question presented — so that the question remains available for determination in the defendant's pending direct appeal (No. 26-1853), or in any other proceeding in which it may properly be presented.

Petitioner requests no relief concerning the sentencing proceeding itself, which has concluded, and takes no position on the merits of the defendant's conviction, sentence, or forfeiture beyond the procedural question identified above.

## VIII. Petitioner's Separate § 853(n) Mandamus Rights Are Reserved, Not Waived, And Are Not Being Pursued in This Filing

This Court's Notice at Docket Entry 48 identified two vehicles for curing the defect at Docket Entry 46 — a motion for reconsideration of the panel's order, or a renewed petition for a writ of mandamus — joined in the disjunctive. Petitioner cures that defect through this motion alone. Petitioner is not, by this filing, renewing the mandamus petition under this Court's Order of May 15, 2026 (Docket Entry 36) for the docketing and consideration of Petitioner's third-party petition under 21 U.S.C. § 853(n).

Petitioner defers that renewal because it is not presently ripe. The District Court's own order of June 25, 2026 (Dkt. No. 855) expressly stated that it did "not find that resolution of" ancillary proceedings under 21 U.S.C. § 853(n) and the appointment of a special master "is required prior to sentencing," and that the court "shall provide further guidance on these ancillary proceedings in due course." Its preliminary order of forfeiture likewise confirms that third parties' claims to the identified property "shall be assessed through ancillary proceedings" under § 853(n) and Rule 32.2. (Dkt. No. 858, at 9.) As of the date of this motion, the District Court has not yet entered a final order of forfeiture disposing of third-party interests under Federal Rule of Criminal Procedure 32.2(c)(2), and has not yet provided the further guidance it stated it would

**PUBLIC VERSION**

provide. Petitioner respectfully awaits that guidance — and a reasonable additional period following any final order of forfeiture, should the District Court still not have docketed Petitioner's submissions — before determining whether renewal of the mandamus petition under Docket Entry 36 is necessary.

Nothing in this motion, and nothing in Petitioner's decision to defer that renewal, waives, narrows, or forfeits Petitioner's rights under 21 U.S.C. § 853(n) or under this Court's Order of May 15, 2026 (Docket Entry 36), which by its own terms denied the original petition without prejudice to renewal and imposed no deadline for seeking it. Petitioner expressly reserves those rights and the right to seek mandamus relief under Docket Entry 36 at the appropriate time.

## IX. Conclusion

Docket Entry 46 presented a threshold procedural question that has never been reached on the merits by any court: whether the adjudicative record supporting the District Court's Final Judgment is capable of meaningful appellate review, given that it rests, in identified respects, on state-court determinations whose own appellate review was foreclosed by operation of the federal automatic stay. That question survives the conclusion of sentencing; it bears directly on the defendant's pending direct appeal and on Petitioner's own ancillary proceeding under 21 U.S.C. § 853(n). Petitioner respectfully requests that the Court grant reconsideration of its Order of July 7, 2026 to the limited extent necessary to determine that question, or, if it declines to do so now, to state expressly that the question remains open for determination elsewhere.

Respectfully submitted,

DX

Petitioner, Pro Se

Dated: July 20, 2026

--------------------------------------------------------------------------------
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
In re: DX, Petitioner
No. 26-563
(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)
(S.D.N.Y.))
--------------------------------------------------------------------------------

# CERTIFICATE OF SERVICE
--------------------------------------------------------------------------------

I, DX, hereby certify under penalty of perjury that on July 21, 2026, I
served true and correct copies of the following documents:

(1) Motion Information Statement (Form T-1080);

(2) Motion for Reconsideration of This Court's Order of July 7, 2026
(Docket Entry 47), Filed Pursuant to the Notice of Defective Filing
(Docket Entry 48) to Cure and Resubmit the Motion at Docket Entry 46
(Emergency Motion to Determine a Threshold Procedural Question
Before Merits Review);

(3) Certificate of Service.

Service was made upon the following counsel by electronic mail and by
registered mail, postage prepaid, with tracking:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

Email: nathan.rehn@usdoj.gov

Executed on July 21, 2026.

DX

DX
Petitioner, Pro Se