**PUBLIC VERSION**

--------------------------------------------------------------------------------
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
In re: DX, Petitioner
No. 26-563
(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)
(S.D.N.Y.))
--------------------------------------------------------------------------------

# NOTICE OF SUPPLEMENTAL RECORD DEVELOPMENT REGARDING THE APPELLATE DISPOSITION OF THE ADVERSARY DETERMINATION IDENTIFIED IN PETITIONER'S THIRD NOTICE (DOCKET ENTRY 49), PART V.B

Submitted Solely for Informational and Record-Preservation Purposes. No Substantive Relief Is Requested.

--------------------------------------------------------------------------------

## Table of Related Proceedings

*Provided solely as a reading aid; it maps the citation forms used in this Notice, and follows the tables in Petitioner's Third Notice (Docket Entry 49) and pending Motion (Docket Entry 50). Only the proceedings cited herein are listed.*

| Forum | Case / Index No. | Cited herein as |
|---|---|---|
| U.S. Court of Appeals, Second Circuit (this Court) | *In re: DX*, No. 26-563 | "Docket Entry [no.]" (following the Clerk's docket text) |
| U.S. Court of Appeals, Second Circuit (the bankruptcy appeal) | *In re Kwok*, No. 24-2504 (decided Apr. 6, 2026) | "Slip op. at [page]" |
| U.S. District Court, D. Conn. (that appeal, below) | *In re Kwok*, No. 3:23-cv-00458 (KAD) | "D. Conn. No. 3:23-cv-00458, ECF No. [no.]" |
| U.S. Bankruptcy Court, D. Conn. — adversary proceeding (the Lady May) | Adv. Pro. No. 22-05003 (JAM) | "Adv. Pro. No. 22-05003, ECF No. [no.]" |
| U.S. District Court, S.D.N.Y. (criminal) | *United States v. Guo* (Ho Wan Kwok, a/k/a Miles Guo), No. 23-cr-118 (AT) | "Dkt. No. [no.]" |

**PUBLIC VERSION**

# I. Purpose and Relationship to Matters Already Before the Court

1. Petitioner respectfully submits this Notice solely to place before the Court a development in the record identified in Petitioner's Third Notice (Docket Entry 49), Part V.B, and relied upon in Petitioner's pending Motion for Reconsideration (Docket Entry 50), Part VI.A. Petitioner requests no substantive relief, and does not ask the Court to reconsider, revisit, or reexamine any decision of this Court.

2. The record point at issue is the partial summary judgment entered in the adversary proceeding concerning the vessel (the "Lady May Adversary Proceeding"), Adv. Pro. No. 22-05003 (Bankr. D. Conn.), in which the bankruptcy court granted judgment on the trustee's first counterclaim on the basis of collateral estoppel and held that "[t]he Final Contempt Decision may be accorded preclusive effect even though the time to appeal it was stayed by the filing of the Individual Debtor's Chapter 11 petition." (Adv. Pro. No. 22-05003, ECF No. 177 at 25.)

3. That determination was appealed, and the appeal has been decided. On April 6, 2026, this Court issued a published opinion affirming the judgment of the United States District Court for the District of Connecticut in that appeal. *In re Kwok*, No. 24-2504 (2d Cir. Apr. 6, 2026) (Chin, Sullivan, and Lee, JJ.).[1]

[1] The decision is cited as *In re Kwok*, 172 F.4th 145 (2d Cir. 2026), in the underlying criminal proceeding. See *United States v. Guo*, No. 23-cr-118 (AT), Dkt. No. 858, at 15 (S.D.N.Y. June 29, 2026). Petitioner cites the slip opinion herein, as "Slip op. at [page]," and has not independently verified the reporter pagination.

PUBLIC VERSION

4. **In candor to the Court, Petitioner states that this decision issued before Petitioner's Third Notice and pending Motion were submitted, and is not referred to in either. It came to Petitioner's attention on July 26, 2026.** Petitioner submits this Notice promptly upon learning of it, so that the record before the Court is complete, and so that the Court is not left to consider Petitioner's prior submissions without it.

## II. What the Decision Determined

5. The appeal was taken by third parties to the bankruptcy case — Mei Guo and HK International Funds Investments (USA) Limited, LLC — from a judgment of the district court (Dooley, J.) affirming two orders of the bankruptcy court. (Slip op. at 3; *see* D. Conn. No. 3:23-cv-00458, ECF No. 60, at 1 (Aug. 23, 2024).)

6. This Court held that it had jurisdiction because the trustee agreed at oral argument to dismiss his remaining counterclaims with prejudice, rendering the district court's decision an appealable final order. (Slip op. at 3, 9–10.)

7. On the merits, this Court held that the trustee had standing under 11 U.S.C. § 544(a) — as "a hypothetical lien creditor as of the day the bankruptcy case is filed" — to assert an outsider reverse veil-piercing claim on behalf of creditors under Delaware law (Slip op. at 12–13, 17–18), and that the record established that the entity was the debtor's alter ego, such that its assets belonged to the bankruptcy estate (Slip op. at 18–22). The Court expressly did not reach the trustee's standing under 11 U.S.C. § 541. (Slip op. at 12 n.3.)

**PUBLIC VERSION**

8. The mandate has issued. (*See* Adv. Pro. No. 22-05003, ECF No. 268 (Bankr. D. Conn. May 21, 2026) (docketing the mandate order of the Second Circuit).)

## III. What the Decision Did Not Determine

9. This Court did not review the collateral-estoppel determination described in Part V.B of Petitioner's Third Notice. It held that determination moot (Slip op. at 9):

> "[T]he Trustee's collateral-estoppel counterclaim '[will] be rendered moot if the order granting summary judgment on the [alter-ego] counterclaim is affirmed,' because piercing HK's corporate veil would win the Trustee all of HK's assets — including the yacht at issue in the collateral-estoppel order."

(Slip op. at 11 n.2 (quoting the district court).) The Court likewise addressed the appellants' contention that the alter-ego ruling depended on the earlier collateral-estoppel ruling by noting that "'undisputed facts in the record' independently supported the bankruptcy court's alter ego analysis." (Slip op. at 22 n.7.) Because this Court affirmed on that independent alter-ego ground and did not reach the collateral-estoppel determination, it did not review, on their merits, the underlying state-court determinations to which Petitioner's Motion (Docket Entry 50), Part V, refers. (Slip op. at 9, 11 n.2, 22 n.7.) Petitioner identifies this solely so that the statement in the Motion is read together with the present record; Petitioner does not suggest that this Court was required to review those determinations, and takes no position on their merits.

10. The district court had affirmed the collateral-estoppel ruling **in the alternative**, expressly conditioned on that ruling not being moot: "[S]hould it be determined that the appeal of the decision on the first counterclaim is

**PUBLIC VERSION**

not moot, in the alternative, [the Court] AFFIRMS the order of the Bankruptcy Court granting summary judgment in favor of the Trustee on his first counterclaim." (D. Conn. No. 3:23-cv-00458, ECF No. 60, at 15; *see id.* at 13.)

11. That alternative analysis addressed the two elements of issue preclusion under New York law — whether "the identical issue necessarily was decided in the prior action" and whether the parties "had a full and fair opportunity to litigate the issue in the prior action" — resting the second element on the appellants' participation in the state-court hearing. (*Id.* at 14–15 (quoting *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006)).)

12. On the presently available record, neither decision addresses the matter identified in Petitioner's prior Notices: that the appeal from the underlying state-court determination had been filed, had had its stay application denied by the state appellate court, and had been frozen by operation of 11 U.S.C. § 362(a). The phrase "automatic stay" and the citation "§ 362" do not appear in the district court's sixteen-page decision. In this Court's opinion, "automatic stay" appears at two places, both describing the judgment creditor's motion to permit the New York contempt proceedings to go forward and its resolution by stipulation. (Slip op. at 6–7.)

13. Petitioner identifies this solely as a record observation. The appellate status of the state-court determinations was not among the questions presented in that appeal, and Petitioner does not suggest that either court was required to address it. Petitioner takes no position on the correctness of any part of either decision.

PUBLIC VERSION

## IV. Sequence, and Features of the Record Bearing Against Petitioner's Observations

14. **Sequence.** The jury returned its verdict in the underlying criminal case on July 16, 2024. (*See United States v. Guo*, No. 23-cr-118 (AT), Dkt. No. 858, at 1 (S.D.N.Y. June 29, 2026) (stating that "[o]n July 16, 2024, a jury convicted Guo of nine counts of various financial crimes"); *see also id.*, Dkt. No. 395 (jury verdict, entered July 18, 2024).) The district court's decision in the bankruptcy appeal issued on August 23, 2024, and this Court's decision on April 6, 2026. At the time the determinations described in Part VI of Petitioner's Third Notice were presented to the jury, no court had yet held that the collateral-estoppel ruling was unnecessary to, or independent of, the result; that holding was first entered by the district court on August 23, 2024, which concluded that "the Bankruptcy Court's order stands independent of the collateral estoppel finding and that the collateral estoppel finding is not necessary to the alter ego determination." (D. Conn. No. 3:23-cv-00458, ECF No. 60, at 11.)

15. **The determination presented to the jury.** The order entered on the trustee's first counterclaim — the counterclaim resolved on collateral estoppel — provided that "[t]he Debtor is the beneficial owner of, and controls, the yacht the Lady May", and that "the Lady May . . . is property of the Debtor's chapter 11 estate . . . pursuant to 11 U.S.C. § 541(a) to be administered by the Trustee." (Adv. Pro. No. 22-05003, ECF No. 172 at ¶¶ 2–3 (Mar. 27, 2023).) Petitioner identifies this in support of the attribution made in Docket Entry 49, Part VI.C, and Docket Entry 50, Part VI.B.

PUBLIC VERSION

16. **Consistent with the approach taken in Petitioner's prior Notices, Petitioner identifies the following features of the newly available record that bear against, or complicate, its earlier observations:**

a. A separate and independent ground — the alter-ego determination entered on the trustee's second counterclaim (Adv. Pro. No. 22-05003, ECF No. 221 (May 18, 2023)) — supports the same disposition as to the vessel, and both the district court and this Court so held. (D. Conn. No. 3:23-cv-00458, ECF No. 60, at 11; Slip op. at 22 n.7.)

b. The collateral-estoppel ruling received one alternative affirmance at the district-court level, as described in paragraphs 10 and 11 above. Petitioner's prior Notices did not, and could not, reflect that fact.

c. This Court's opinion reflects that the judgment creditor asked the bankruptcy court to permit the New York contempt proceedings to proceed notwithstanding the automatic stay, and thereafter "agreed to drop its request to lift the stay" in exchange for the vessel's return to Connecticut waters and the placement of $37,000,000 in escrow. (Slip op. at 6–7.) Petitioner notes that this request concerned the continuation of the state contempt proceedings rather than the resumption of the frozen appeals, and identifies it so that the statement in Docket Entry 49, Part V.E, is read against the complete record.

17. Petitioner identifies these features so that the Court has the record in full, and not as an argument that any observation in the prior Notices is thereby withdrawn.

**PUBLIC VERSION**

## V. Conclusion

18. Petitioner submits this Notice solely so that the record before the Court reflects the appellate disposition of a determination identified in Petitioner's Third Notice and relied upon in Petitioner's pending Motion. Petitioner does not ask the Court to revisit *In re Kwok*, takes no position on its correctness, and requests no substantive relief.

----------------------------------------------------------------------------------------

Respectfully submitted,

DX

Petitioner, Pro Se

Dated: July 27, 2026

**PUBLIC VERSION**

-------------------------------------------------------------------------------------------

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
In re: DX, Petitioner
No. 26-563
(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)
(S.D.N.Y.))

-------------------------------------------------------------------------------------------

# CERTIFICATE OF SERVICE

-------------------------------------------------------------------------------------------

I, DX, hereby certify under penalty of perjury that on July 27, 2026, I served
true and correct copies of the following documents:

(1) NOTICE OF SUPPLEMENTAL RECORD DEVELOPMENT
REGARDING THE APPELLATE DISPOSITION OF THE ADVERSARY
DETERMINATION IDENTIFIED IN PETITIONER'S THIRD NOTICE
(DOCKET ENTRY 49), PART V.B

(2) Certificate of Service.

Service was made upon the following counsel by electronic mail:

**Nathan Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

Email: nathan.rehn@usdoj.gov

Executed on July 27, 2026.

DX
Petitioner, Pro Se